UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA ZESSI,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERIPRIDE SERVICES, INC.,<br><br>    Defendant. | Case No. 19-cv-03384-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND**<br><br>Re: Dkt. No. 14 |

Defendant's motion to dismiss the complaint is scheduled for a hearing on August 16, 2019. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion and GRANTS plaintiff leave to amend the complaint. The amended complaint shall be filed no later than **August 21, 2019**.

**BACKGROUND**

The complaint alleges that plaintiff worked for defendant as an Account Service Representative from 2016-2018. Compl. ¶¶ 7-11. Plaintiff alleges that in June 2017, she was "having issues with her right hand" and her doctor "informed her that her right hand was broken." *Id*. ¶ 8. Plaintiff's physician "provided her with a note explaining her disability" and plaintiff provided the note to defendant. *Id*. The doctor's note included work modifications. *Id*.[1] The complaint alleges that plaintiff "was not capable of using her right hand during this time period per her physician's orders." *Id*. ¶ 9.

---

[1] Defendant seeks judicial notice of plaintiff's physician's note dated June 8, 2017. Dkt. No. 16. The note states, *inter alia*, that plaintiff "is placed off work from 6/5/2017 through 6/8/2017" and "[t]his patient is placed on modified activity at work and at home from 6/9/2017 through 6/14/2017." *Id*. The note sets forth certain restrictions on plaintiff's activities. Plaintiff does not oppose the request for judicial notice. The Court takes judicial notice of this document.

According to the complaint, "[p]laintiff's supervisor instructed her that she would not be able to work until she had filled out a form provided by Defendant concerning her injury." *Id*. Plaintiff "made numerous attempts to work with the restrictions provided by her physician while she was in the process of having Defendant's form completed." *Id*. ¶ 10. Plaintiff was told that she could not work until the form was completed, and plaintiff "explained that it would take some time for the form to be filled out by her physician." *Id*. Defendant "kept pressuring Plaintiff about her injury," and in June 2018, "[p]laintiff was notified that she was being terminated due to her current situation dealing with her disability." *Id*. ¶¶ 10-11.

The complaint alleges the following causes of action: (1) wrongful termination in violation of the Fair Housing and Employment Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*; (2) wrongfully termination in violation of public policy as set forth in the FEHA; (3) retaliation against plaintiff for asserting her rights under the FEHA; (4) disability discrimination in violation of the FEHA; (5) failure to accommodate in violation of the FEHA; and (6) failure to engage in the interactive process in violation of the FEHA.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2), and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If a court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

As a general rule, courts may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). However, courts "may take judicial notice of some public records, including the 'records and reports of administrative bodies.'" *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (citing *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)). Courts may not take judicial notice of facts in the public record that are subject to reasonable dispute. *Lee*, 250 F.3d at 690.

**DISCUSSION**

Defendant moves to dismiss all of plaintiff's claims on the ground that a broken hand is a temporary condition that does not constitute a disability under the FEHA. Defendant also contends that plaintiff does not allege that her alleged disability limited a major life activity, as required by the FEHA. Defendant argues that all of plaintiff's claims are predicated on the existence of a disability, and thus that plaintiff has failed to state a claim.

Plaintiff responds that a temporary condition can constitute a disability under the FEHA, and that many of the cases cited by defendant are distinguishable because they involve the Americans with Disabilities Act, which has a narrower definition of "disability" than the FEHA. Plaintiff also argues that the work modifications contained in her doctor's note demonstrate that plaintiff was

3

limited in the major life activity of working.

The FEHA defines "physical disability" as including, but not limited to, "[h]aving any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that . . . : (A) Affects . . . [the] musculoskeletal [system, and] (B) Limits a major life activity." Cal. Gov't Code § 12926(m)(1)(A)-(B). "A physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult." *Id.* at § 12926(m)(1)(B)(ii). The phrase "[m]ajor life activities" is "broadly construed and includes physical, mental, and social activities and working." *Id.* at § § 12926(m)(1)(B)(iii); *Soria v. Univision Radio Los Angeles, Inc.*, 5 Cal. App. 5th 570, 588 (2016), *review denied* (Mar. 1, 2017).

To the extent defendant contends that a temporary condition cannot constitute a disability under the FEHA as a matter of law, the Court disagrees. Whether a temporary condition is disabling must be determined on a case-by-case basis. The applicable California regulation provides that the definition of a disability excludes:

> conditions that are mild, which do not limit a major life activity, as determined on a case-by-case basis. These excluded conditions have little or no residual effects, such as the common cold; seasonal or common influenza; minor cuts, sprains, muscle aches, soreness, bruises, or abrasions; non-migraine headaches, and minor and non-chronic gastrointestinal disorders.

Cal. Code Regs. tit. 2, § 11065; *see also Diaz v. Fed. Express Corp.*, 373 F. Supp. 2d 1034, 1052-53 (C.D. Cal. 2005) ("Since the Legislature did not choose to include duration as a factor, and since the FEHA definition of 'disability' is intended to be broader than the ADA definition, the Legislature did not intend for duration to be a factor in determining whether a plaintiff is disabled for purposes of the FEHA."); *Avila v. Cont'l Airlines, Inc.*, 165 Cal. App. 4th 1237, 1249 n.5 (2008), *as modified on denial of reh'g* (Aug. 28, 2008) (recognizing that "temporary, non-chronic conditions may be disabilities under FEHA"). In *Diaz*, the court declined to find as a matter of law that plaintiff's mental condition was not a disability under FEHA on the basis of the temporary nature of the condition. 373 F. Supp. 2d at 1046, 1051-52. There, the plaintiff missed more work than allowed by his employer's attendance policy during a seven-month period. *Id.* at 1040-44. The plaintiff was diagnosed with depression and other mental conditions that limited the plaintiff's life

4

activities and rendered him "temporarily totally disabled." *Id.* When plaintiff attempted to return to work after receiving from his doctor a letter stating plaintiff "was fully capable of performing his duties," his employer suspended him and subsequently terminated his employment for failing to meet defendant's attendance requirement. *Id.* at 1044. Analyzing the plaintiff's FEHA claims, the court found that the plain language of the FEHA and the 2001 amendment thereto by the Prudence Kay Poppink Act ("Poppink Act") evinced the California legislature's intent not to "categorically exclude temporary disabilities" or to include duration as a factor in determining disability; and the FEHA required only that a disability limit a major life activity for mental and physical conditions alike. *Id.* at 1046-52.

However, the Court agrees with defendant that plaintiff fails to allege facts showing that her hand injury limited a major life activity. The complaint alleges plaintiff's personal doctor informed her "that her right hand was broken" and "provided her with a note explaining her disability" that "included work modifications." Compl. ¶ 8. However, the complaint does not actually allege that plaintiff's broken hand limited any major life activity (including working), and the complaint does not contain any facts showing that plaintiff's injury impeded her ability to perform her job. *See Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 47 (2006) ("It is insufficient for [the plaintiff] simply to allege a disability or to identify an injury or physical condition. To proceed as a physically disabled person under the [FEHA], [the plaintiff] must demonstrate his injury or physical condition (in this instance, a low back injury, whose existence is undisputed) makes 'difficult' the achievement of work or some other major life activity."). Therefore, plaintiff has not alleged sufficient facts to show that plaintiff's hand injury qualifies as a disability under FEHA.

Accordingly, the Court GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to amend the complaint. Plaintiff may file an amended complaint no later than **August 21, 2019** that alleges additional facts showing that plaintiff's hand injury limited a major life activity.

**IT IS SO ORDERED**.

Dated: August 12, 2019

_____
SUSAN ILLSTON
United States District Judge

5